# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**MICHAEL VANCE CONSULTING, INC. dba ASANTE ENERGY,**

    Plaintiff,

v.

**HELIOS ENERGY, LLC, and HANOVER INSURANCE COMPANY,**

    Defendants.

Civil Action No. 7:21-CV-79 (HL)

# ORDER

This matter is before the Court on Defendants Helios Energy, LLC and Hanover Insurance Company's Motions to Dismiss. (Doc. 21 and 22). Although filed separately, Defendants' motions advance the same argument, and will therefore be considered together. For the foregoing reasons, Defendants' Motions to Dismiss are **DENIED**.

## I. Procedural Background

This suit arises out of a contract for installation of a solar project at the Moody Air Force Base near Valdosta, Georgia. Plaintiff Michael Vance Consulting, Inc. filed a Complaint in this Court on July 1, 2021. (Doc. 1). Michael Vance Consulting, Inc. is an Ontario, Canada corporation seeking damages for work done pursuant to a contract with Defendant Helios Energy, LLC, a Tennessee

corporation. Plaintiff alleges that it entered into a contract whereby Plaintiff would perform onsite engineering and project management services in return for compensation. Before the work began, Helios procured a payment bond from Hanover Insurance Company for its payment obligations in connection with the contract. During the course of the work, it became apparent that the work could not be completed by the contract's end date, and both parties agreed to new profit-sharing mechanisms for the work. Plaintiff alleges that it substantially performed all of its obligations under the contract, and that Helios Energy has not honored the profit-sharing arrangements agreed upon by both parties.

Plaintiff filed the initial Complaint (Doc. 1) on July 1, 2021. The Complaint sought recovery under the Miller Act. Both Defendants filed motions to dismiss for failure to state a claim upon which relief can be granted because the Helios Subcontract Payment Bond at issue is not a Miller Act bond. (Doc. 11 and 12). Michael Vance Consulting then conceded the issue raised in these motions and filed an Amended Complaint in response, thereby mooting Defendants' motions to dismiss.[1] (Doc. 19). The Amended Complaint was filed on August 24, 2021.

In response, Defendants filed two new motions to dismiss, which argued that Michael Vance Consulting is prohibited from filing suit in the state of Georgia because Plaintiff does not hold a certificate of authority from the Georgia Secretary of State to conduct business in Georgia. (Doc. 21 and 22). Without this certificate,

---

[1] The Court **DENIES** these motions to dismiss as moot.

2

Defendants allege that Plaintiff is barred from litigation in state or federal courts in Georgia.

However, Plaintiff received a valid Certificate of Authority from the Georgia Secretary of State on August 24, 2021, which was prior to filing the Amended Complaint. "[L]ate registration to obtain a certificate of authority fully satisfies the statutory scheme and will not bar suit by a foreign corporation, because there has been substantial compliance with the statutory scheme." *Health Horizons, Inc. v. State Farm. Mut. Auto. Ins. Co.*, 239 Ga. App. 440, 443 (1999). In *Health Horizons*, the corporation did not possess a valid certificate of authority at the time the suit was filed but had acquired one prior to the filing of the motion to dismiss. *Id.* The Court held that this was sufficient. *Id.*

An uncertified foreign corporation may initiate the action but not continue it without obtaining a certificate of authority. *Transp. Ins. Co. v. El Chico Restaurants*, 271 Ga. 774, 777 (1999). In the present case, Plaintiff received a valid Certificate of Authority prior to Defendants' motions to dismiss, and therefore Defendants' motions to dismiss are **DENIED**.

**SO ORDERED**, this 15th day of March, 2022.

                                            *s/ Hugh Lawson*
                                            **HUGH LAWSON, SENIOR JUDGE**

erj