**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **MICHAEL VANCE CONSULTING, INC. d/b/a ASANTE ENERGY,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 7:21-CV-79 (HL) |
| **HELIOS ENERGY, LLC, and HANOVER INSURANCE COMPANY,** | |
| **Defendants.** | |

**ORDER**

Plaintiff Michael Vance Consulting, Inc. d/b/a Asante Energy ("Michael Vance Consulting") filed this action seeking damages for an alleged breach of contract by Defendant Helios Energy, LLC ("Helios") and its surety, Defendant Hanover Insurance Company ("Hanover"). Alternatively, Plaintiff seeks to recover against Defendants for unjust enrichment. Now before the Court are Defendants' motions for summary judgment. (Docs. 41, 44). After reviewing the pleadings, briefs, affidavits, and other evidentiary materials presented, the Court concludes genuine issues of material fact preclude summary judgment. The Court accordingly **DENIES** Defendant Helios's motion in whole and **GRANTS IN PART** and **DENIES IN PART** Defendant Hanover's motion.

## I.    BACKGROUND

This disagreement arises out of a construction project on Moody Air Force Base ("Moody AFB") in Valdosta, Georgia. The United States contracted with Schneider Electric for completion of the project.[1] (Vance Dep. p. 79). Schneider Electric required subcontractors to perform specific portions of the contract. (*Id.*). Schneider Electric identified Helios as a potential subcontractor. (*Id.*). However, Helios lacked the expertise to complete one aspect of the subcontract proposed by Schneider Electric—installation of a solar panel grid. (*Id.* at p. 52). Helios accordingly consulted with additional subcontractors, including Plaintiff, to assist with submitting a bid to Schneider Electric. (*Id.*).

Plaintiff helped Helios develop plans for the solar project. (*Id.* at p. 58-59). Plaintiff provided several iterations of site layouts, performance models, construction cost estimates, and schedules for Helios to propose to Schneider Electric. (*Id.*). Schneider Electric ultimately awarded the subcontract to Helios at some point in 2019. (Roberts Dep. p. 29).  Plaintiff's experience played a significant role in Helios securing the contract with Schneider Electric. (*Id.* at p. 41).

Helios and Plaintiff then agreed to a separate written subcontract for completion of the solar project. The contract, prepared by Helios and based on

---

[1] The scope of the overall project is not evident from the record.

Plaintiff's projected ten-month schedule, took the form of a Purchase Order, dated October 1, 2019. (Vance Dep. p. 35, 66, 68). The Purchase Order describes Plaintiff's responsibilities:

> Engineering works, including Geotech, Electrical, Pile testing, and Surveying (Note: Foundation Design will remain in racking budget and is outside of this scope);

> Project Management, Site Construction Management 3-4 days on site every week for duration of project, inclusive of all travel, lodging and meals;

> Commissioning and acceptance testing, including full report to Schneider and Moody AFB; and

> Training and Document Turnover to Schneider and Moody AFB at Final Completion."

(Doc. 42, Exhibit 2). The parties anticipated a total project cost of $ 316,001.70, which included $180,000.00 for project management and site construction management. (*Id.*). The project management figure was based on Plaintiff's standard dollar per month estimate of costs, or $18,000.00 per month for ten months. (Vance Dep. p. 86-87).

Helios took out a subcontract payment bond with Hanover on August 30, 2019. Helios intended the bond to cover work completed by Plaintiff and any other subcontractor used by Helios for the base project. The bond states:

> [I]f the Principal [Helios] shall promptly make payment to all Claimants as herein defined, for all labor and material used or reasonably required for use in the performance of the Subcontract, then this shall be void; otherwise it shall remain in full force and effect.

(Doc. 42, Exhibit 1). The bond defines a claimant as "one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract." (*Id.*). The bond further provides:

> No suit or action shall be commenced hereunder by any Claimant unless Claimant shall have given written notice to any two of the following: The Principal [Helios], the Obligee [Schneider Electric Buildings Americas, Inc.], or the Surety [Hanover] above named, within ninety (90) days after such Claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made.

(*Id.*).

Plaintiff originally estimated the project would take ten months to complete; however, extensive delays beyond Plaintiff's control occurred. (PCSOUMF Doc. 48-1, ¶ 3). Plaintiff denies responsibility for any of the delays. (Vance Dep. p. 90). Rather, the delays were caused by other factors, including the base closing due to the COVID-19 epidemic; a COVID outbreak at a supplier's factory; and Schneider Electric pausing the project to decide on a change order. (*Id.*).  Plaintiff notified Helios of the delays and requested additional funds to perform beyond the anticipated ten-months. (PCSOUMF Doc. 48-1, at ¶ 4).

Plaintiff began communicating with Helios in May and June 2020 to discuss payment for project management services rendered beyond June 30, 2020, the completion date projected in the Purchase Order. (Vance Dep. p. 89). As June 2020 was ending, Plaintiff told Helios that without a guarantee of additional funds

to complete the project, Plaintiff intended to demobilize from the Moody AFB project. (PCSOUMF Doc. 48-1, at ¶ 5). Plaintiff prepared a transition plan for Helios. (*Id.* at ¶ 6). Plaintiff was adamant that he was not going to return to the project absent agreement for additional compensation. (Vance Dep. p. 99; Roberts Dep. p. 68; Vance Affidavit at ¶ 7).

Plaintiff alleges that on June 6, 2020, Helios proposed a profit-sharing agreement, with 70 percent of the profit going to Helios and 30 percent of the profit going to Plaintiff. (Vance Dep. p. 117). Plaintiff and Helios also discussed the potential for future projects in connection with the proposed profit-sharing agreement. (*Id.* at p. 103). Plaintiff concedes that the parties never signed a written agreement for profit-sharing for the Moody AFB project. (*Id.* at p. 39). However, based on the verbal agreement with Helios that there would be a profit-sharing arrangement, Plaintiff consented to return to the Moody AFB project in early July 2020. (PCSOUMF Doc. 48-1, at ¶ 9; Vance Dep. P. 120-21; Vance Aff. ¶ 14).

Plaintiff continued to work on the Moody AFB project until December 2020. (PCSOUMF Doc. 48-1, at ¶ 10). During that time, Plaintiff received no compensation from Helios for his continued services, which included both project management and construction management (Roberts Dep. p. 104; Vance Affidavit at ¶¶ 15-16). Plaintiff accordingly sent its Notice of Intent to Claim on Bond to both

Helios and Hanover. (PCSOUMF Doc. 48-1, at ¶ 11). Helios and Hanover received the notices on December 15, 2020. (Vance Affidavit at ¶ 17).

## II.    SUMMARY JUDGMENT STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). But, when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In reviewing a motion for summary judgment, the "court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted) "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the

facts are jury functions, not those of a judge." *Id.* (internal quotation marks and citation omitted). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of a material fact." *Celotex*, 477 U.S. at 323 (internal quotation omitted). If the movant meets this burden, the burden shifts to the party opposing summary judgment to go beyond the pleadings and to present specific evidence showing that there is a genuine issue of material fact, or that the movant is not entitled to judgment as a matter of law. *Id.* at 324-26. Summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

III.   **ANALYSIS**

   **A. Helios Energy LLC's Motion for Summary Judgment**

   Helios contends it is entitled to summary judgment because there was not a valid profit-sharing agreement between Plaintiff and Helios. And, even if there was a profit-sharing agreement, Plaintiff can receive no profit where no profit exists. Helios further argues summary judgment is appropriate as to Plaintiff's unjust enrichment claim for two reasons. First, Helios claims Plaintiff cannot maintain a

claim for unjust enrichment as there was a valid written contract between the parties. Second, Plaintiff improperly pled unjust enrichment as a separate cause of action and not as an alternative remedy to a filed contract.

### 1. Contract Claim

Helios claims Plaintiff's breach of contract claim fails as a matter of law because Plaintiff has not produced evidence of mutual assent or consideration for any purported agreement reached beyond the terms of the Purchase Order. Georgia contract law applies in this case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Lopez v. Target Corp.*, 676 F.3d 1230, 1235–36 (11th Cir. 2012). Georgia law requires four elements for a valid contract: "(1) there must be parties able to contract; (2) consideration; (3) assent of the parties to the terms of the contract; and (4) a subject matter upon which the contract can operate." *Mitchell v. Georgia Dep't of Cmty. Health*, 281 Ga. App. 174, 180 (2006) (citing O.C.G.A. 13-3-1). The court is limited to only enforcing "those terms upon which the parties themselves have mutually agreed." *Cumberland Contractors, Inc. v. State Bank & Tr. Co.*, 327 Ga. App. 121, 127 (2014) (quoting *Pourreza v. Teel Appraisals & Advisory, Inc.*, 273 Ga. App. 880, 882–883 (2005)). "It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties." *Id.* (quoting *Pourreza*, 273 Ga. App. at 882). In assessing whether parties had mutual assent "courts apply an objective theory of intent whereby one party's intention is

deemed to be that meaning a reasonable [person] in the position of the other contracting party would ascribe to the first party's manifestations of assent. *Cox Broad. Corp. v. Nat'l Collegiate Athletic Ass'n*, 250 Ga. 391, 395 (1982). Furthermore, in making that determination, "the circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement, and courts are free to consider such extrinsic evidence." *Id.*

"The construction of a contract is peculiarly well suited for disposition by summary judgment because, in the absence of an ambiguity in terms, it is a question of law for the court.". *Tucker Materials (GA), Inc. v. Devito Contracting & Supply, Inc.*, 245 Ga. App. 309, 310 (2000). Additionally, "parties can modify their agreement through their course of conduct and regular business practices." *Am. Car Rentals, Inc. v. Walden Leasing, Inc.*, 220 Ga. App. 314, 316 (1996); *see also Circle Y Const., Inc. v. WRH Realty Servs., Inc.*, 721 F. Supp. 2d 1272 (N.D. Ga. 2010), *aff'd*, 427 F. App'x 772 (11th Cir. 2011) (holding that an owner was responsible for the oral modifications to a written contract made by his employees).

The parties do not dispute that they entered into a valid written contract in the form of the Purchase Order for the solar panel project. Rather, the dispute underlying this lawsuit arises from an agreement purportedly reached between Plaintiff and Helios after it became apparent that Plaintiff could not complete the

project under the terms of the Purchase Order. According to Plaintiff, the Purchase Order anticipated a ten-month time frame for Plaintiff to complete the solar project. Delays beyond Plaintiff's control required the parties to extend the duration of the project. Plaintiff contends that to ensure completion of the project, Helios agreed to a profit-sharing arrangement. It was only in reliance on this agreement that Plaintiff continued to perform. Plaintiff seeks compensation for the work performed beyond the terms defined in the Purchase Order.

Helios, on the other hand, maintains that the Purchase Order established no set timeframe for the solar project. Helios points to language in the Purchase Order that Plaintiff would provide site management for the "duration of the project" without specifying an end date for the project. According to Helios, Plaintiff therefore received payment in full under the Purchase Order for all services rendered. Helios denies the parties agreed to a profit-sharing arrangement in exchange for Plaintiff remaining on the project beyond ten months. While the parties exchanged proposed terms for such an agreement, ultimately no agreement was reached or reduced to writing. Helios argues Plaintiff's claim for breach of any alleged profit-sharing agreement therefore fails as a matter of law because the Plaintiff cannot show assent or consideration to a profit-sharing agreement between the parties.

Based on the evidence presented, the Court concludes that genuine issues of material fact exist to be tried. Specifically, the Court finds that there is a genuine

dispute concerning the understood terms of the Purchase Order, particularly the anticipated time frame of the project. The Court further finds that there is a genuine dispute whether there was an additional oral profit-sharing agreement and the terms of that agreement. Summary judgment is therefore inappropriate.

### 2. Unjust Enrichment Claim

Helios alleges that Plaintiff has no claim for unjust enrichment because Plaintiff and Helios had a valid written contract. Unjust enrichment is an equitable concept that applies when there is no actual legal contract, but there has been a benefit conferred for which there deserves to be some compensation given to the party delivering the benefit. *Renee Unlimited, Inc. v. City of Atlanta*, 301 Ga. App. 254, 258 (2009). A claim of unjust enrichment is not a tort but is "an alternative theory of recovery if a contract claim fails." *Wachovia Ins. Servs., Inc. v. Fallon*, 299 Ga. App. 440, 449 (2009). The elements of unjust enrichment are: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying for it. *Baptista v. JPMorgan Chase Bank, N.A.*, 640 F.3d 1194, 1198 n. 3 (11th Cir.2011).

While there is a valid written contract according to the purchase order, questions of fact remain concerning the terms of the contract as well as whether

the parties entered into additional oral agreements. Unjust enrichment is a proper claim when there is not a valid written contract and there is potentially a benefit conferred that deserves just compensation. Because there are remaining genuine issues of material fact, summary judgment is not appropriate.

Helios also alleges that Plaintiff pled unjust enrichment as a separate tort, not as an alternative remedy. While Plaintiff did not use the term "alternative remedy" in his claim, it is apparent to the Court that Plaintiff intended to plead unjust enrichment as an alternative theory of recovery.

Plaintiff is permitted to proceed to trial on its breach of contract claim and, in the alternative, its unjust enrichment claim. Defendant Helios's Motion of Summary Judgment is **DENIED**.

### B.    Hanover Energy LLC's Motion for Summary Judgment

Hanover argues it is entitled to summary judgment on four bases: (1) the subcontract payment bond does not cover any potential profit-sharing agreement between Plaintiff and Helios; (2) the subcontract payment bond does not extend beyond the Moody AFB project identified in the bond; (3) Plaintiff failed to satisfy the bond's notice requirement; and (4) the Miller Act does not apply.  Plaintiff concedes that the subcontract payment bond does not included coverage for any aspect of the profit-sharing agreement relating to any project other than the Moody AFB project. Plaintiff further concedes that the Miller Act is not applicable in this

case. The Court accordingly **GRANTS** Hanover's motion for summary judgment as to those two arguments.

The Court finds the evidence viewed in a light most favorable to Plaintiff demonstrates that Plaintiff did properly satisfy the bond's notice requirements. However, the Court finds questions of fact remain regarding the terms of the contract reached between Plaintiff and Helios. The Court accordingly cannot conclude as a matter of law that the surety bond does not cover the work performed by Plaintiff. The Court therefore **DENIES** Hanover's motion for summary judgment on these two grounds.

### 1. Hanover Claims the Subcontract Payment Bond Does not Cover Any Profit-Sharing Agreement

The subcontractor payment bond between Helios and Hanover is a contract of surety. Georgia law states that a "contract of suretyship is one of strict law; and the surety's liability will not be extended by implication or interpretation." O.C.G.A. § 10-7-3. Lastly, "the obligation of a surety is construed strictly in the surety's favor." *R.J. Griffin & Co. v. Cont'l Ins. Co.*, 230 Ga. App. 822, 823 (1998).

Both the Purchase Order and the subcontractor payment bond must be viewed within the factual and legal contexts in which they were created. It is undisputed that the Purchase Order's does not expressly mention or incorporate any profit-sharing agreement between parties. However, to the extent a jury may

13

find Plaintiff and Helios verbally altered the terms of the Purchase Order, a jury may likewise conclude that the agreement reached remains subject to the bond.

Hanover cites *IHI E&C Int'l Corp. v. Robinson Mech. Contractors, Inc.*, No. 1:19-CV-04137-JPB, 2022 WL 4773388 (N.D. Ga. Sept. 30, 2022) to justify its motion for summary judgment. But the case now before the Court is distinguishable. In *IHI E&C Int'l Corp.*, the Court held that the surety should not be liable for any other obligations that are unrelated to the construction contract. Here, there is a dispute as to whether the original contract was modified. Because there are disputed facts dealing with the original contract between Plaintiff and Helios, the Court cannot grant Hanover's motion for summary judgment on the contract claims. Summary Judgment on Hanover's first argument is **DENIED**.

### 2. Subcontract Payment Bond's Notice Requirement

Hanover's next argues that Plaintiff failed to satisfy the notice requirement in the subcontractor bond. The evidence, however, establishes that Plaintiff timely and properly notified both Hanover and Helios as required by the terms of the bond. (Doc. 50-10). The Court therefore **DENIES** Hanover's motion for summary judgment on these grounds.

### IV.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** Defendant Helios Energy LLC's Motion for Summary Judgment. (Doc. 44). The Court **DENIES IN**

**PART** and **GRANTS IN PART** Defendant Hanover Insurance Company's Motion

for Summary Judgment. (Doc. 42).

  **SO ORDERED**, this the 13th day of November, 2023.


        *s/ Hugh Lawson*
        **HUGH LAWSON, SENIOR JUDGE**